**STATE of Tennessee, ex rel. Jack NANCE, Plaintiff-Appellant,**

v.

**Commissioner Robert E. FARRIS and Commissioner Martha B. Olsen, Defendants-Appellees.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Sept. 5, 1986.

Application for Permission to Appeal Denied by Supreme Court Dec. 29, 1986.

Dale C. Workman, Knoxville, for plaintiff-appellant.

Mary Kendall Kallaher, Asst. Atty. Gen., W.J. Michael Cody, Atty. Gen. & Reporter, Nashville, for defendants-appellees.

OPINION

CANTRELL, Judge.

The appellant in this case filed an action for mandamus, declaratory judgment and certification of payroll pursuant to T.C.A. § 8–30–216 after he was demoted from his position as an engineering aide for the Tennessee Department of Transportation. On appeal he contends that a demotion is not an authorized personnel action under the applicable statutes and that the original action taken against him was not performed by the "appointing authority," as required by law.

The plaintiff-appellant, Jack Nance, filed a complaint in Davidson County Chancery Court on October 2, 1980, against then-Commissioner of Transportation William B. Sansom and then-Commissioner of Personnel William C. Koch, Jr. The complaint alleged as follows:

(1) That Jack Nance had worked for the Tennessee Department of Transportation as an Engineering Aide II since January

1, 1971 until he was demoted to Engineering Aide I by a letter, dated June 29, 1979, from Allen L. Coble, an Engineering Technician II for the Tennessee Department of Transportation.

(2) That the plaintiff Jack Nance had filed for an appeal of the demotion with the Tennessee Civil Service Commission pursuant to T.C.A. § 8–30–327 and that a hearing was held on October 11, 1979.

(3) That following the hearing, the Civil Service Commission issued certain findings of fact and conclusions of law on December 4, 1979, which stated in part that the plaintiff had performed his duties as an Engineering Aide II in a substandard fashion, had been "habitually tardy" and "asked sick leave and annual leave excessively."

(4) That the Civil Service Commission forwarded the findings of fact and conclusions of law to the Commissioner of Transportation and the plaintiff, but that the Commissioner of Transportation had not issued a final decision as of the date of the filing of the complaint.

(5) That the Commissioner of Transportation, the appointing authority under state law, was charged by state law with performing any personnel action and the commissioner's failure to act rendered plaintiff's demotion meaningless and the subsequent reduction in position and denial of pay wrongful.

(6) That a demotion is not a legally authorized personnel action under state law.

The plaintiff concluded by asking the court to issue a writ of mandamus reinstating him to the position of Engineering Aide II with back pay and for a declaratory judgment finding the plaintiff to have been denied his due process right to a speedy remedy because of the Commissioner's delay in issuing a trial order.

The defendants filed a motion to dismiss and the chancellor granted the motion on the basis that the complaint was not timely filed. The chancellor relied upon the requirement of T.C.A. § 4–5–117(b) that the findings of the Civil Service Commission be appealed within 60 days and noted that more than 60 days had elapsed between the filing of the complaint on October 2, 1980 and the findings of the Civil Service Commission on December 4, 1979.

The plaintiff appealed the dismissal to this Court, claiming there had been no final decision under T.C.A. § 4–5–117(a) and (b) from which Jack Nance could appeal, so that the complaint in chancery court could not be untimely filed. The Court of Appeals agreed with the plaintiff, and reversed the chancellor's dismissal and remanded the case back to the Commissioner of Transportation, in order that a final decision could be made, based upon the Civil Service Commission's findings of fact and conclusions of law.

The plaintiff amended the complaint to conform to changes in personnel in the commissioner's office, so that Robert E. Farris was substituted for William B. Sansom as Commissioner of Transportation and Martha B. Olsen was substituted for Darrell Akins, who had earlier substituted for William C. Koch, Jr. as Commissioner of Personnel.

On December 10, 1982, Commissioner Farris entered a final decision affirming the demotion of Jack Nance. The plaintiff amended his complaint to allege that the delay of three years, five months and eleven days from the original letter of demotion to the commissioner's final decision was a denial of his rights to due process.

The plaintiff's motion for summary judgment was denied and the case proceeded to trial on September 25, 1985.

The chancellor's memorandum of October 21, 1985 affirmed the commissioner's final decision. The memorandum noted that T.C.A. § 4–5–322(b), of the Uniform Administrative Procedures Act, limited the chancery court to a determination of whether the commissioner acted illegally, arbitrarily, in excess of statutory authority or without substantial and material evidence.

■ As to the appellant's contention that the action demoting him was not taken by the appointing authority, we think the record clearly refutes that contention. The

appointing authority at the time of the action against Mr. Nance in June of 1979 was William Sansom, the Commissioner of the Department of Transportation. The official document, dated July 10, 1979, which went to the Department of Personnel reflecting the action taken against Mr. Nance (referred to in the record as the "201 form") bears the signature of W.B. Sansom on the line designated for the signature of the "appointing authority". The initials "P.K." appear just below the line containing the commissioner's signature. There is evidence in the record that the initials are those of Paul Koger, a Deputy Commissioner of Transportation, to whom the commissioner had delegated the authority to act on personnel matters.

It is true that the first notice to Mr. Nance of the demotion came in a letter of June 29, 1979 from his unit supervisor in the Knoxville office. In that letter the supervisor says "I have decided after discussion with the proper department officials to demote your classification title ..." However, assuming that the letter is wholly ineffectual, the 201 form is a record of the official action by the appointing authority.

■ In the second issue the appellant contends that a demotion is not an action authorized under the Tennessee Civil Service Law.

The statutes describe some specific actions that may be taken against an employee. These include: transfers, T.C.A. § 8–30–318; lay-offs, T.C.A. § 8–30–320; suspensions, T.C.A. § 8–30–325; and dismissals, T.C.A. § 8–30–326. While neither of these sections is denoted to demotions as a broad category, T.C.A. § 8–30–318, entitled "Transfers," provides in part that "any change of an employee from a position in one classification to a position in a class of lower rank shall be considered a demotion." Therefore, a demotion is simply one kind of a transfer. Further, T.C.A. § 8–30–327 provides for an appeal to the Tennessee Civil Service Commission for any employee who has been demoted. We think that the legislature has specifically included a de-

motion as one of the actions that may be taken by an appointing authority.

The appellant contends that the action taken by the commissioner on December 10, 1982 was arbitrary and illegal. However, the chancellor reviewed the record and found that the record contains substantial and material evidence supporting the findings of fact of the Civil Service Commission. The commission found that Mr. Nance was habitually tardy, used excessive sick leave, and did not satisfactorily perform his work.

■ Our review of the record is the same as the chancellor's. We only look to the record to determine if the findings of the commission are supported by substantial and material evidence. T.C.A. § 4–5–322(b). We find that the commission's findings are supported by such evidence.

■ Finally, the appellant contends that the long delay in finally disposing of this action amounts to a denial of his rights to due process. Since we have determined that the action taken against him was justified and conformed to the requirements of the law, we cannot see any prejudice that resulted from the delay.

The judgment of the court below is affirmed and the cause is remanded to the Chancery Court of Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellant.

TODD, P.J. (M.S.), and LEWIS, J., concur.